## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

### Minute Entry

*Hearing Information:*

**Debtor**:  SUSAN SCHWARZ REITMAN
**Case Number:**  14-08184 MCF                    **Chapter:**    7
**Adversary Number**:  15-00020-MCF
**Date / Time / Room**: 11/29/2016 09:10 am
**Bankruptcy Judge**: MILDRED CABAN FLORES
**Courtroom Clerk**:  ED BUJOSA
**Reporter / ECR**:  JOSE ROMO

*Matter:*

ORDER TO SHOW CAUSE ISSUED ON 6/15/2016 (DKT #44) (Adversary Case)

TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED THIRD AMENDED EXEMPTIONS AND
DEBTOR'S REPLY (DKTS # 110 & #114) (Legal Case)

*Appearances:*

Eldia M. Diaz Olmo on behalf of Wilfredo Segarra, Chapter 7 Trustee
Anibal Medina Rios on behalf of Debtor
Sergio Ramirez de Arellano on behalf of Banco Popular de Puerto Rico

*Minutes of Proceedings:*

For the reasons stated in open court, the Chapter 7 Trustee's motion for summary judgment (Docket No. 81, Case No. 14-08184) is denied.  An evidentiary hearing on the homestead issue is set in the legal case for March 8, 2016, at 9 a.m.  Debtor is prohibited from selling, transferring and encumbering the Old San Juan property over which she is claiming a homestead exemption until the Court resolves the Chapter 7 Trustee's objection with the entry of a firm, final, and unappealable judgment. The parties are granted 90 days to complete discovery. The judgment entered in the adversary proceeding (Docket No. 32, Adversary Case No. 15-00020) is vacated and the motion requesting entry of order and writ for the registration of the mortgage in favor of the Trustee (Docket No. 36, Adversary Case No. 15-00020) is denied.

The Court reserved its right to docket a written opinion, which follows below:

**OPINION AND ORDER:**

**14-08184:**

After reading the motions and hearing the arguments presented by the parties, the Court finds that there is a disputed issue as to a material fact: Where did this Debtor reside on the date that the petition was filed? That is the pivotal fact in this case. This is a disputed fact since Debtor says that she lives at the Old San Juan property and the Trustee refutes it.

Page | 1

The Trustee argues that when Debtor purchased the Old San Juan property in 2010, Debtor claimed said property as her secondary home, and thus is now precluded from claiming it as her homestead. The Trustee also provides with his motion for summary judgment Debtor's tax return for the year 2013 and real estate tax exemption to argue that those documents demonstrate her principal residence is at another property, Torre Cibeles.

In her opposition motion, Debtor points out that there is a letter addressed to the lender in 2010 when she purchased the Old San Juan property, which says that Debtor may one day retire and live at the Old San Juan property. Debtor explains that prior to the petition date in 2013 she executed a homestead deed indicating the Old San Juan property as her primary residence.

Where Debtor lived four years ago is irrelevant to our inquiry.  In fact, Puerto Rico's homestead law allows an individual to change their homestead location. P.R. Laws Ann. tit. 31, §§ 1851–1857, as amended by Act No. 195 of September 13, 2011, Article 9.  The key inquiry is where the Debtor resided on the petition date. This date, October 1, 2014, determines what property falls into the estate, pursuant to 11 U.S.C. § 541.

Therefore, the Trustee's motion for summary judgment (Docket No. 81) is denied because evidence and/or witnesses are needed in order to decide where Debtor's primary residence was at the time she filed her petition, pursuant to Fed. R. Bankr. P. 7056.

An evidentiary hearing on the homestead issue is set in the legal case for March 8, 2016, at 9 a.m.  The parties are granted 90 days to complete discovery.

## ORDER:

In light of the Trustee's concerns voiced at the hearing that Debtor may sell the Old San Juan property prior to the Court resolving the homestead issue, the Debtor agreed not to do so.  The Court enters the following order:

> Debtor is prohibited from selling, transferring and encumbering the Old San Juan property over which she is claiming a homestead exemption until the Court resolves the Chapter 7 Trustee's objection with the entry of a firm, final, and unappealable judgment.

## 15-00020:

## OPINION AND ORDER:

The Court vacates the adversary judgment entered against Banco Popular de Puerto Rico for the following reasons:

In the first place, the adversary action is premature. The Court has to rule on whether or not Debtor's homestead is located in Old San Juan. The complaint omitted the fact that the Debtor claimed a homestead exemption over the subject property and that the Trustee was objecting to the homestead.

Second, the Trustee had to include the Debtor as an indispensable party under Rule 19 of the Federal Rules of Civil Procedure in the adversary action for avoidance and preservation of rights because Debtor is the

owner of the subject property. Under Puerto Rico law, a party cannot impact a property owner's right, like recording a mortgage, without a property owner being included in the action. Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607 (1998) (A judicial proceeding for execution of judgment and public sale of a jointly owned real property is void when one of the co-owners is absent from the litigation.) See also Rodriguez Rodriguez v. Moreno Rodriguez, 135 D.P.R. 623 (1994) (An indispensable party is one that could have his rights or interest affected at the moment that the judgment is issued.) The Trustee relies heavily on the case of In re Traverse, 753 F.3d 19 (1st Cir. 2014) to prosecute his complaint. The Court points out that the trustee in the Traverse case sued the debtor in the adversary proceeding to avoid and preserve the mortgagee's unperfected mortgage for the benefit of the estate—that which the Trustee failed to do in the case at hand. Even if the judgment stands against Banco Popular de Puerto Rico, it has no legal effect upon the Debtor who was excluded from the litigation. The Trustee cannot record the mortgage in the Registry of Property through an order and writ without including Debtor in the litigation because it impacts her property rights.

Third, contrary to what the Trustee asserts, Traverse does not apply to this case. In Traverse, the lender had an unperfected mortgage. The trustee filed an adversary action against the debtor for the purpose of avoiding the unperfected mortgage and preserving it for the benefit of the estate, pursuant to 11 U.S.C. §§ 544 and 551. The First Circuit found that the trustee stepped into the shoes of the mortgagee. But the trustee could not sell the property because the debtor was current with the mortgage payments and there was no equity in the property for the benefit of the estate after taking into account debtor's homestead. The First Circuit made clear that the trustee's right of preservation under section 551, simply puts the estate in the shoes of the creditor whose lien is avoided. Traverse, 753 F.3d at 29. "The trustee's right of avoidance under 11 U.S.C. § 544 vests the trustee with the powers of a bona fide purchaser of real property for value, and allows the trustee to invalidate unperfected security interests. In re Sullivan, 387 B.R. 353, 357 (1st Cir. BAP 2008)." Traverse, 753 F.3d at 26 (Internal quotations omitted).

In the case at hand, the Trustee is unable to utilize sections 544 and 551 because those sections apply when there is unperfected security interest in property. Under a Massachusetts law, an unrecorded mortgage provides a lender with an interest in the real property. However, under Puerto Rico law, an unrecorded mortgage does not provide the lender with title, lien or security interest in real property. Puerto Rico is a lien-theory and a judicial-foreclosure jurisdiction. P.R. Laws Ann. tit. 30, § 2001 et seq. as superseded by Act No. 210 of December 8, 2015; P.R. Laws Ann. tit. 31, § 5001 et seq. A lender does not have a lien or a security interest over real property in Puerto Rico unless it is recorded in the Registry of Property. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57; P.R. Laws Ann. tit. 31 § 5042.

> [I]t is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property. P.R. Laws Ann. tit. 31, § 5042. A companion statute under the mortgage law also provides that in order for voluntary mortgages to be validly constituted the mortgage must be stipulated in a deed and must be recorded in the Property Registry. P.R. Laws Ann. tit. 30, § 2607.

Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118–19 (1st Cir. 2011) (Internal quotations omitted).

Massachusetts, as admitted by the Trustee, is a title-theory state. Under Massachusetts law, a mortgage gives a mortgagee title to the real property and the mortgagor retains possessory rights. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1124 (2012) (It is beyond dispute that Massachusetts subscribes to the "title theory" of mortgage law.). Massachusetts is also a nonjudicial-foreclosure state. Mills v. U.S. Bank, NA, 753 F.3d 47, 50 (1st Cir. 2014); Mass. Gen. Laws ch. 183, § 21. In a lien theory jurisdiction, such as Puerto Rico, the mortgagee does not obtain title of the real property. Under local law, an unperfected mortgage deed

does not grant the mortgagee the right to foreclose on the property. To perfect an interest in real property, other than recording the mortgage, the lender would have to file a collection of money action and pursue a prejudgment attachment. 32 Laws of P.R. Ann. App. III R. 56. It could also record in the Registry any favorable judgment or obtain an order and writ of execution if it wishes to improve its unsecured position. 30 Laws of P.R. Ann., § 2154, as superseded by Act No. 210 of December 8, 2015, Article 44. Under Puerto Rico law an unrecorded mortgage deed is not considered a lien or an unperfected interest in real property—unlike Massachusetts law, which underpins the ruling in Traverse.

A lender with an unperfected mortgage deed cannot acquire an interest in a property owner's home because, under local law, it has no title or interest to enforce on the residence. Hence, the Trustee may assert neither an avoidance nor preservation action pursuant to sections 544 and 551, because under local law, no interest—other than Debtor's—exists in property to avoid. The Trustee cannot gain superior rights to the lender who did not record its mortgage deed in the Property Registry because no lien exists under local law. Soto-Rios, 662 F.3d at 118–19. In Massachusetts, a mortgagor obtains equitable title, or possession, but the mortgagee obtains legal title when a mortgage is executed. Not so in Puerto Rico. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57; P.R. Laws Ann. tit. 31 § 5042.

For the aforementioned reasons, the judgment entered in the adversary case is vacated under Rules 19, 60(a) and 60(b) of the Federal Rules of Civil Procedure, section 105 of the Bankruptcy Code, and pursuant to the law of the case doctrine. Accordingly, the Trustee's motion for order and writ of execution (Docket No. 36) is denied.

**/s/MILDRED CABAN FLORES**
**U.S. Bankruptcy Judge**